UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ROI LEVI,

Plaintiff,

v.

DEKEL GOURMET, LLC; UDI HERSHKOVITZ; BRANDI LEVY; and DIKLA BIRNBAUM.

Defendants.

## COMPLAINT

Plaintiff Roi Levi invested his time, energy, and skills in ensuring that defendant Dekel Gourmet would be a success. He put in countless hours establishing the restaurant and training the staff. He also provided all of the recipes used at the restaurant. In exchange, all he was owed was 10% of revenue, after the restaurant paid off a bank loan. But thus far, Mr. Levi has not received a single share of the revenue and not has not received any information regarding the status of the loan, despite multiple attempts to request it.

## PARTIES

1. Plaintiff Roi Levi is a citizen resident of the Country of Israel who is domiciled in the Country of Israel.

2. Defendant Dekel Gourmet, LLC is a Georgia LLC with its principal office in Fulton County, Georgia. It may be served via its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, GA, 30046.

3. Defendant Udi Hershkovitz is a resident of Georgia and a Member of Dekel Gourmet, and is the Manager of Dekel Gourmet.

4. Defendant Brandi Levy is a resident of Georgia and a Member of Dekel Gourmet.

5. Defendant Dikla Birnbaum is a resident of Georgia and a Member of Dekel Gourmet.

## Jurisdiction and Venue

6. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (a)(2) because Plaintiff is a citizen and resident of a foreign state and Defendants are citizens and residents of the United States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court because a substantial portion of the events giving rise to this case occurred in the Northern District of Georgia, including Defendants ongoing breach of contract and conversion of intellectual property.

## FACTS

8. Dekel Gourmet, LLC operates a restaurant located in Fulton County, Georgia, known as Marrakesh Mediterranean Kitchen (the "Restaurant"), which opened in 2015. A true and correct copy of the Operating Agreement is attached to this Complaint.

9. Prior to the opening of the Restaurant, Plaintiff hired and trained staff, set up the kitchen, and provided his valuable recipes to Defendants, to be used in the Restaurant.

10. In exchange for providing his valuable recipes, Defendants promised Plaintiff 10 percent of revenue from the Restaurant after Defendants paid back a bank loan in the amount of $250,000, which was used to open the Restaurant.

11. To date, Defendants have not paid Plaintiff any sums.

12. Defendants purported to terminate Plaintiff's employment the very first day the Restaurant opened.

13. Plaintiff requested that Defendant Hershkovitz update him on the status of the loan repayment. Defendant Hershkovitz refused to do so on the grounds that Plaintiff was only entitled to 10 percent of revenue.

14. Plaintiff, through counsel, demanded that Defendants provide him with an accounting showing profits, losses, and the status of the loan repayment via letter dated May 1, 2020.

15. To date, Defendants have not responded to the May 1, 2020 letter.

16. To date, Defendants have not provided to Plaintiff any information regarding revenue, profits, losses, expenses, or the status of the loan repayment, despite multiple requests to do so.

17. On information and belief, Defendants have paid off the $250,000.00 bank loan.

18. On information and belief, Dekel Gourmet, LLC receives in excess of $1 million in revenue per year from its operation of the Restaurant.

19. On information and belief, Defendants Herskovitz, Levy, and Birnbaum have taken monies from Dekel Gourmet in the form of revenue sharing, member draws, profit, and/or salary.

20. Defendants continue to utilize, and profit from, Plaintiff's recipes. Indeed, Defendants' website advertises that it is "A True Mediterranean Market" with "[f]amily recipes handed down through the generations." Defendants' website further advertises that they have "brought our Mediterranean Grandmother's recipes for all to enjoy."

21. The recipes referred to on Defendants' website are those of Plaintiff and Plaintiff's family, not Defendants' families.

22. Defendants did not bring any recipes to the Restaurant; all recipes in use at the Restaurant were provided by Plaintiff.

## Count I: Breach of Contract

23. Plaintiff incorporates Paragraphs 1-22 in full.

24. Defendants agreed to provide Plaintiff 10 percent of revenue associated with Dekel Gourmet after Defendants' repayment of a $250,000.00 loan, in consideration for Plaintiff providing his valuable recipes, hiring and training staff, and setting up the Restaurant.

25. Plaintiff would have provided his family recipes and restaurant knowledge and training to Defendants but for Defendants' contractual agreement to provide Plaintiff 10 percent of revenue associated with Dekel Gourmet after repayment of the $250,000.00 loan.

26. Plaintiff's provision of the family recipes and restaurant knowledge was given in exchange for the 10% revenue share and not as part of any employment of Plaintiff by Defendants.

27. Despite paying back the $250,000.00 loan, Defendants have not paid Plaintiff 10 percent of revenue and have refused to provide Plaintiff with an accounting of the profits, losses, revenue, and expenses of Dekel Gourmet.

28. Defendants have breached their contract with Plaintiff.

29. Plaintiff is entitled to, and demands, 10 percent of Dekel Gourmet revenue received after it repaid the $250,000.00 loan.

30. For Defendants' breach of contract, Plaintiff demands monetary damages in an amount to be determined at trial, costs of court, and attorneys' fees.

## Count II: Fraud

31. Plaintiff incorporates Paragraphs 1-23 in full.

32. Defendants induced Plaintiff to provide his valuable recipes and restaurant knowledge by promising Plaintiff 10 percent of revenue after Defendants' repayment of the $250,000.00 bank loan.

33. Defendants never intended to honor their promise to provide Plaintiff 10 percent of revenue, and did not intend to honor it at the time they made the promise.

34. Defendants' promise to pay Plaintiff 10 percent of revenue was an intentional misstatement of material fact, as Defendants knew at the time they made it that they had no intention to honor the promise. Specifically, Defendants intended at the time of the promise to terminate Plaintiff's employment on the first day the Restaurant was open and to refuse to pay any revenue share after such termination.

35. Plaintiff would not have disclosed his valuable recipes to Defendants had he known that Defendants had no intention to honor their promise to provide him with 10 percent of revenue.

36. Plaintiff has damaged by Defendants' material misrepresentation, as he disclosed his valuable recipes and has not received the promised return.

37. For Defendants' fraud, Plaintiff is entitled to, and requests, monetary damages.

## Count III: Unjust Enrichment

38. Plaintiff incorporates Paragraphs 1-22 in full.

39. Defendants profited from the use of Plaintiff's recipes, but have not paid him any consideration in return.

40. Defendants should not be permitted to retain the profits and revenue from Plaintiff's recipes without providing commensurate value therefor.

41. Defendants have been unjustly enriched by use of Plaintiff's recipes, without providing any compensation for such use.

42. Plaintiff is entitled to, and demands, monetary compensation in an amount sufficient to compensate Plaintiff for the value he provided, through provision of his recipes.

43. Plaintiff's brief employment with Defendants was not sufficient to justly compensate Plaintiff for the provision of his family recipes to Defendants. At most, Plaintiff's brief employment was compensation for his efforts in setting up the Restaurant and training Restaurant staff.

44. Plaintiff is therefore entitled to monetary relief in an amount sufficient to equitably compensate Plaintiff for the past, present, and future value of the recipes he provided to Defendants.

## Count IV: Temporary Injunctive Relief

45. Plaintiff incorporates Counts 1-22 in full.

46. Plaintiff's recipes represent valuable trade secrets and intellectual property, which belongs to Plaintiff and for which Defendants have not paid compensation.

47. Defendants continue to profit and benefit from use and usurpation of Plaintiff's intellectual property each and every day the Restaurant remains operational.

48. The value of Plaintiff's intellectual property is diminished each and every day the Restaurant is open and operational, because Plaintiff's unique and valuable property is made available to the public without Plaintiff receiving any benefit or return.

49. The value of Plaintiff's intellectual property is diminished each and every day the Restaurant is open, because the Restaurant is open and Plaintiff's recipes are being used and made available without Plaintiff's extensive restaurant knowledge, experience, and professionalism, thereby diluting the value and perception of Plaintiff's property in the marketplace.

50. The only way to protect the value of Plaintiff's property, and to prevent further dilution and unjust profit from it, is to immediately enjoin Defendants from operating the Restaurant via a temporary injunction.

51. Defendants will not suffer damages from the issuance of a temporary injunction, as they have not right to continue operating the Restaurant in breach of Plaintiff's contractual rights.

52. Monetary damages alone are not sufficient to compensate Plaintiff for Defendants' continued use and abuse of his intellectual property.

53. A temporary injunction is further warranted on the grounds that Plaintiff is substantially likely to succeed on the merits of this lawsuit, as Defendants' lack any good faith defenses for their breach of contract and fraud.

54. Plaintiff therefore respectfully requests a temporary injunction ordering the Restaurant closed or, at a minimum, enjoining Defendants from utilizing Plaintiff's intellectual property, until Defendants began paying Plaintiff the 10% share of revenue to which Plaintiff is contractually entitled.

### **Requests for Relief**

WHEREFORE, Plaintiff respectfully requests:

1) Monetary damages pursuant to Counts I-II;

2) Equitable damages pursuant to Count III;

3) A temporary injunction prohibiting Defendants from operating the Restaurant pursuant to Count IV;

4) Costs and attorneys' fees; and

5) Such further relief as the Court deems just and proper.

Respectfully Submitted,

By: */s/ Daniel Delnero*
Daniel Delnero
Georgia Bar No. 347766
Squire Patton Boggs (US) LLP
*Attorney for Plaintiff*
1230 Peachtree Street, NE, Suite 1700
Atlanta, GA 30309
Telephone: +1 678-272-3230
Facsimile: +1 678-272-3211
E-mail: Daniel.delnero@squirepb.com